UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROCHELLE BARBEE

    Plaintiff,

V.                                  CIVIL ACTION NO  DKC 09 CV 1092

BUREAU OF COLLECTION RECOVERY, INC.

Defendant.                          APRIL 27, 2009

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Capitol Heights, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant communicated with Plaintiff on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed debt to Chase Bank.

8. Plaintiff advised the Defendant that she disputed this debt.

9. Defendant advised the Plaintiff that she could not dispute her debt, in violation of §1692g.

10. Defendant failed to provide the required notice pursuant to 1692e (11) in every oral communication the Defendant had with the Plaintiff.

11. Based upon information and belief, Defendant advised the Plaintiff that they would not report a known disputed debt to the Credit Reporting Agencies, despite being notified by the Plaintiff of her dispute in violation of §1692e (8).

12. Defendant advised the Plaintiff that it was filing a wage execution against her and she needed to make a payment over the telephone, in order to stop the proceeding. The alleged debt has not yet been reduced to judgment.

13. Plaintiff sent through the undersigned counsel a letter of representation on April 14, 2009. (Exhibit A/Letter and Fax Log).

14. Defendant still continued to contact the Plaintiff despite be advised of attorney representation.

15. Defendant spoke to the Plaintiff on April 22, 2009 and was advised by the Plaintiff that she was represented by counsel and told not to call her again.

16. Defendant called the Plaintiff again April 23, 2009.

17. Defendant has inadequate procedures in place to avoid such error(s).

18. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f, and g.

**SECOND COUNT**

19. The allegations of the First Count are repeated and realleged as if fully set forth herein.

20. Within three years prior to the date of this action the Defendant has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA");

21. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

**WHEREFORE plaintiff respectfully requests this Court to:**

1. Award plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award plaintiff Statutory damages pursuant to Maryland Consumer Debt Collection Act § 14-204 et seq;

3. Award plaintiff statutory damages pursuant to the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq;

4. Award the plaintiff costs of suit and a reasonable attorney's fee;

5. Award and such other and further relief as this Court may provide.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com